UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JONAH BASCLE                                    CIVIL ACTION

VERSUS                                          NO: 11-2848

SHADRALL RIVERSIDE MARKET,                      SECTION: R(3)
LLC

**ORDER AND REASONS**

Plaintiff Jonah Bascle moves to dismiss defendant Shadrall Riverside Market's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Because defendant has not alleged a separate cause of action, the Court GRANTS plaintiff's motion.

I.   **BACKGROUND**

This action for declaratory and injunctive relief arises out of plaintiff Jonah Bascle's access to defendant Shadrall Riverside Market, LLC's ("SRM") facility on Tchoupitoulas Street in New Orleans, Louisiana.  Bascle asserts that he suffers from muscular dystrophy, which requires him to use a wheelchair for mobility.[2]  He alleges that he experiences architectural barriers that hinder his access to SRM's place of business, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et*

---

[1]     R. Doc. 14.

[2]     R. Doc. 1. at ¶¶4-5.

*seq.* ("ADA").  In particular, he alleges that SRM's parking lot does not contain "van accessible" spaces, that the "disabled parking spaces" are not the proper width and do not have appropriate access aisles, and that there is no compliant route from the parking lot to the facility.  Bascle further alleges that such modifications are necessary to provide him with an equal opportunity to benefit from the goods and services provided by SRM.  Bascle seeks a declaration that SRM's property violates the ADA and an injunction requiring defendant to make the facility ADA-compliant.  Bascle also seeks attorney's fees and costs.

Shadrall Riverside Market denies Bascle's allegations and asserts a number of affirmative defenses.[3]  SRM also asserts a counterclaim against Bascle and claims the Court has jurisdiction over the counterclaim under 28 U.S.C. § 1367.[4]  SRM contends that the property meets and exceeds access obligations under the ADA and that Bascle's suit is "frivolous, unreasonable, and without foundation."  SRM further contends that Bascle's demand constitutes vexatious litigation, brought in bad faith "for the sole purpose of harassing" SRM.[5]  SRM alleges that Bascle is

---

    [3]    R. Doc. 8.

    [4]    *Id.* at ¶4.

    [5]    *Id.* at ¶11.

liable for its attorney's fees and costs if it is the prevailing party, pursuant to 42 U.S.C. § 12205.

Bascle now moves to dismiss SRM's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).[6] Bascle contends 1) that SRM's claim does not constitute an independent cause of action, and 2) even if it does, SRM's claim is not ripe. SRM opposes the motion.[7]

## II.   STANDARD

The Court applies the same test to a motion to dismiss a counterclaim that it does to a motion to dismiss a complaint. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court

---

   [6]   R. Doc. 14.

   [7]   R. Doc. 15.

is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**III. DISCUSSION**

The ADA provides that the Court "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. The Fifth

Circuit has explained the required showing under this provision as follows:

> Each circuit that has addressed the issue has concluded that the considerations that govern fee-shifting under § 706(k) of title VII or under 42 U.S.C. § 1988 apply to the ADA's fee-shifting provision, because the almost identical language in each indicates Congress's intent to enforce them similarly. Under this standard, a prevailing defendant may not receive fees 'unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'

*No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 498 (5th Cir. 2001)(quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978))(other internal citations omitted). *See also Temple v. Am. Airlines, Inc.*, 48 Fed. Appx. 480, 2002 WL 31049426, at *2 (5th Cir. Aug. 26, 2002)("We have applied the same standards to the ADA's fee-shifting provision for 'prevailing parties' that we apply to the almost-identical fee-shifting provisions of title VII and 42 U.S.C. § 1988.")(citing *No Barriers*, 262 F.3d at 498).

Although the Court has the discretion to award costs and fees to the prevailing party under § 12205, this section, by itself, does not create an independent cause of action. Indeed, the Fifth Circuit has explicitly recognized that the nearly-identical civil rights fee-shifting statute does not create a stand-alone cause of action. *Villegas v. Galloway*, No. 10-20821, 2012 WL 45417, at *3 (5th Cir. Jan. 9, 2012)("On its face, § 1988 does not provide for a separate cause of action, only for

5

recovery of attorney's fees and expert fees to parties prevailing on certain other causes of action."). *See also Singer v. Nevada ex rel. Dept. of Transp.*, No. 3:09-CV-0696-LHR-RAM, 2011 WL 1627117, at *1 n.2 (D. Nev. Apr. 27, 2011)("A request for attorney's fees is a remedy available to a prevailing party in a civil rights complaint[;] it is not a separate cause of action."); *Greene v. Phipps*, No. 7:09-cv-00100, 2009 WL 3055232, at *1 n.1 (W.D. Va. Sept. 24, 2009) ("Section 1988 allows a prevailing party in a § 1983 action to recover attorney's fees; it is not a separate cause of action."); *Gollomp v. Spitzer*, No. 1:06-CV-802, 2007 WL 433361, at *7 n.6 (N.D.N.Y. Feb. 5, 2007)("The Court notes that, to the extent that Plaintiff's tenth cause of action seeks attorney's fees under § 1988, there is no separate cause of action under § 1988[.] [R]ather[,] § 1988 provides a form of relief, which is available only to a party who prevails on a federal civil rights claim.")(internal citations omitted). Further, there is no free-standing claim for frivolous litigation. *See Boyte v. Lionhead Holdings*, No. 3:10-CV-1467-D, 2011 WL 197589, at *3 (N.D. Tex. Jan. 19, 2011)("[Defendant] does not point to, and the court has not found, any authority that recognizes an affirmative cause of action for frivolous litigation."). Finally, SRM's argument that its claim for attorney's fees might be barred by *res judicata* if it is not raised as a counterclaim is misplaced. SRM can seek attorney's

fees by motion at the appropriate time in this proceeding.  *See* Fed. R. Civ. P. 54(d).

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion and DISMISSES defendant's counterclaim.  Because the Court finds that defendant has not alleged a separate cause of action, it need not consider whether the claim is ripe.

New Orleans, Louisiana, this 30th day of April, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE